Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Matthew Righetti (SBN 121012)
John Glugoski (SBN19155l)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 983-0900
Facsimile: (415) 397-9005

Attorneys for Plaintiffs FORREST MARTZ, *et al*.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST MARTZ, an individual, on behalf of himself in a representative capacity only and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HCI SYSTEMS, INC., a California corporation; ORION RISK MANAGEMENT INSURANCE SERVICES, INC., a California corporation; UNIVERSAL BACKGROUND SCREENING, INC., an Arizona corporation; and DOES 1 through 50 inclusive<br><br>Defendants. | **'17CV2464 L    BLM**<br><br>**COMPLAINT FOR:**<br>[CLASS ACTION]<br><br>1. **Violations of Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2)(A); 15 U.S.C. § 1681o(a);**<br>2. **Violations of the California Investigative Consumer Reporting Agencies Act (ICRAA) (Civ. Code, § 1786, *et seq*.); and**<br>3. **Violations of the California Investigative the California Consumer Credit Reporting Agencies Act (California Civil Code § 1785.1 *et seq*.)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff FORREST MARTZ ("Plaintiff"), on behalf of himself in his representative capacity and all other similarly situated individuals (cumulatively "Plaintiffs") alleges the following:

## NATURE OF THE ACTION

1. Plaintiff brings this California class action on behalf of himself and all other individuals who applied for employment with Defendant and who executed a release and authorization forms permitting Defendants to procure a consumer report and/or investigative consumer report on them as part of Defendant HCI SYSTEMS, INC.'s employment application (hereinafter the "Class").

2. Specifically, Plaintiff complains that Defendant has a uniform policy or practice of obtaining an applicant's consumer report and has violated the Fair Credit Reporting Act (the "FCRA") through the use of a legally invalid authorization form that: 1) fails to provide a clear and conspicuous disclosure; and 2) fails to provide a disclosure that appears in a document that consists solely of the disclosure.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the FCRA, 15 U.S.C. § 1681 *et seq*.

4. This Court has personal jurisdiction over Defendants because Defendants conduct business in this State, has systematic and continuous ties with this state, and has agents and representatives that can be found in this state.

5. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6. FORREST MARTZ ("Plaintiff") is a resident of California.

7. Defendant HCI SYSTEMS, INC. ("HCI"), is a California Corporation doing business in California.

8. Defendant UNIVERSAL BACKGROUND SCREENING, INC. ("UBS"), is an Arizona Corporation doing business in California.

9. Defendant ORION RISK MANAGEMENT INSURANCE SERVICES, INC. ("ORION"), is a California Corporation doing business in California.

## GENERAL ALLEGATIONS

10. On or about December 8, 2015, as part of Plaintiff's application for employment with Defendant HCI SYSTEMS, INC., Plaintiff signed an authorization and release form that purported to allow Defendants to obtain a consumer report and/or an investigative consumer report on him through and by means of the named Defendants UBS and ORION.

11. Defendant HCI's purported permission to conduct the foregoing background investigations are based on two different disclosure forms Plaintiff signed, one of them titled, "Applicant Certification and Authorization" (**Ex. 1**) and the other titled, "FCRA Disclosure and Acknowledgement" (**Ex. 2**). True and correct redacted copies are attached hereto and marked as **Exhibits 1** and **2**.

12. These forms are the heart of this dispute.

13. The first aforementioned form purportedly allowed Defendant HCI to hire Defendant ORION to obtain workers' compensation adjudication records concerning the Plaintiff is illegal because, in part, this form includes an illegal indemnification and hold harmless clause that provides, "I hereby agree to indemnify and hold you harmless against any liability which may result from making such investigation." See **Ex. 1**.

14. Plaintiff maintains **Exhibit 1** also contains illegal extraneous language, such as, "I understand that any false answers, statements, implications, or derogatory information made by me or which is revealed as a result of this background investigation based on information supplied in any application for employment or other documents, may be considered sufficient for discharge."

15. Similarly, the second aforementioned form with which Plaintiff take issue purports to allow "Universal Background Screening *or another outside organization*" to perform a background investigation of the Plaintiff. See **Ex. 2**

- 3 -
COMPLAINT

(Emphasis added).

16. This form, however, also includes a number of state law admonitions, such as New York, Maine, Oregon, Washington, none of which are applicable since Plaintiff was applying for work in California. See **Ex. 2**.

17. **Exhibit 2** contains further extraneous information, such as statements like, "Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying" and "Please be advised that the nature and scope of the most common form of investigative consumer report obtained is an investigation into your education and/or employment history." See **Ex. 2**.

18. Further, the form includes a California state law advisement that says, "By signing below, you also acknowledge receipt of the NOTICE REGARDING BACKGROUND INVESTIGATION PURSUANT TO CALIFORNIA LAW," yet Plaintiff denies receiving this Notice and says he signed receipt of the Notice because of his confusion over what he was signing in the first place. See **Ex. 2**.

19. Plaintiff, thus, maintains Defendant HCI never provided him such a disclosure form.

20. Plaintiff maintains **Exhibit 2** also illegally contains extraneous information, such as statements like, "Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying" and "Please be advised that the nature and scope of the most common form of investigative consumer report obtained is an investigation into your education and/or employment history." See **Ex. 2**.

21. Plaintiff lastly maintains this form is too broad since it purports to allow "another outside organization" to perform a background investigation of the Plaintiff without specifying exactly which outside organization. See **Ex. 2**.

22. Pursuant to both forms signed by the Plaintiff, on December 8, 2015, Defendant UBS obtained Plaintiff's credit and criminal history reports and Defendant

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

ORION obtained a workers' compensation adjudication record investigation report regarding the Plaintiff.

23. Based on the foregoing, Plaintiff claims all Defendants violated federal law and Defendants HCI and ORION violated state law.

## CLASS ALLEGATIONS

24. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

25. The Class to be certified against Defendant is defined as follows:

Class 1

**All individuals who applied for employment with HCI between December 8, 2015 to the present and signed one or both forms collectively attached as Exhibits "1" and "2" or a substantively identical version of those forms; and were the subject of a consumer report procured by HCI.**

Class 2

**All individuals who applied for employment with any third party between December 8, 2015 to the present and signed a form attached as Exhibit "1" or a substantively identical version of this forms and were the subject of a consumer report prepared by Defendant ORION RISK MANAGEMENT INSURANCE SERVICES, INC.**

Class 3

**All individuals who applied for employment with any third party between December 8, 2015 to the present and signed a form attached as Exhibits "2" or a substantively identical version of this forms and were the subject of a consumer report prepared by Defendants UNIVERSAL BACKGROUND SCREENING, INC.**

26. The individuals in the Class are so numerous that joinder of all members

is impracticable. Although the precise number of individuals is currently unknown, Plaintiff believes that the number of individual members of the Class exceeds 1,000.

27. Notice of the pendency and any resolution of this action can be provided to potential members of the Class by mail, print, and/or internet publication.

28. There is a well-defined community of interest in the litigation and the potential members of the Class are readily ascertainable.

29. This case is maintainable as a class action under Rule 23(b)(1) and (b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

30. There are common questions of law and fact as to the Class that predominate over questions affecting only individual members, including but not limited to:

    a. Whether Plaintiff and the Class applied for employment positions with Defendant HCI;

    b. Whether Defendant HCI's Release and Authorization Forms executed by Plaintiff and the Class were facially invalid because the language included in the release and authorization form that no longer makes it a "document that consists solely of the disclosure," as required by 15 U.S.C. § 1681b(b)(2)(A) or under state law [*Syed v. M-I, LLC*, 853 F.3d 492, 493 (9th Cir. 2017)];

    c. Whether Defendants HCI and ORION violated 15 U.S.C. § 1681b(b)(2)(A) or state law by including language constituting a release of claims as part of its Release and Authorization Forms; and

    d. Whether Defendants HCI and ORION violated state law by

not complying with the statutory provisions of Civil Code § 1786.16, *et seq.*

# FIRST CAUSE OF ACTION

## Individual and Class Claim for

## Violation of the Fair Credit Reporting Act

## (Obtaining Consumer Reports Without Facially Valid Authorizations)

(Against All Defendants)

31. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

32. Pursuant to 15 U.S.C. § 1681b(a)(3)(B), a consumer reporting agency may furnish a consumer report for employment purposes.

33. Likewise, a consumer report may be used for the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." 15 U.S.C. §1681a(h).

34. The FCRA requires that, before procuring a consumer report on an individual for employment purposes, the employer must: (1) provide a clear and conspicuous disclosure to each applicant in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report. 15 U.S.C. § 1681b(b)(2)(A).

35. Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure."

36. Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> … a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--
> a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or cause to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).

37. During the Class Period, Defendant HCI required Plaintiff MARTZ, and presumably others, to sign two different forms as part of their job application with Defendant HCI, which forms purported to allow Defendant HCI to procure and Defendants ORION and UBS to prepare and provide to Defendant HCI consumer reports regarding the Plaintiffs.

38. Included in one of Defendant HCI's Release and Authorization Forms, i.e., **Exhibit 1** was: 1) a purported authorization to procure a consumer report and investigative a consumer report; 2) a waiver of liability provision; 3) an authorization of Defendant to investigate "past employment and public records (including but not limited to workers compensation adjudication records)"; and 4) other extraneous language, such as, "I understand that any false answers, statements, implications, or derogatory information made by me or which is revealed as a result of this background investigation based on information supplied in any application for employment or other documents, may be considered sufficient for discharge." See **Exhibit 1.**

39. Included in another one of Defendant HCI's Release and Authorization Forms, i.e., **Exhibit 2** was: 1) a purported authorization to procure a consumer report and investigative a consumer report; 2) extraneous information, such as a number of state law admonitions, such as New York, Maine, Oregon, Washington, none of which are applicable since Plaintiff was applying for work in California; 3) extraneous information, such as statements like, "Credit history will only be requested where such information is substantially related to the duties and responsibilities of the position for which you are applying" and "Please be advised that the nature and scope of the most common form of investigative consumer report obtained is an investigation into your education and/or employment history"; and 4)

improperly broad language purporting to allow "another outside organization" to perform a background investigation of the Plaintiff without specifying exactly which outside organization. See **Exhibit 2.**

40. Defendants' inclusion of the aforementioned in its Release and Authorization Forms executed by applicants facially contravenes the requirements of 15 U.S.C. § 1681b(b)(2)(A) that the disclosure be: 1) "clear and conspicuous"; and 2) appear "in a document that consists solely of the disclosure."

41. As a matter of law, Defendant's inclusion of the aforementioned information invalidates the Release and Authorization Form for purposes of the FCRA. *See Syed v. M-I, LLC*, 853 F.3d 492, *10-11 (9th Cir. 2017) (holding an employer violates Section 1681b(b)(2)(A)(I)—(ii) when it requires an employee to sign a form containing a waiver of liability provision as part of a background investigation); *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 870-71 (N.D. Cal. 2015) (release of liability improper); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp. 3d 1112 (S.D. Cal. 2016) (a summary of consumer rights in seven different states improper); *Lagos v. The Leland Stanford Junior University,* 2015 U.S. Dist. LEXIS 163119 (N.D. Cal. Dec. 4, 2015) (inclusion of seven state law notices and sentence stating "I also understand that nothing herein shall be construed as an offer of employment or contract for services" plausibly violated stand-alone disclosure requirement); *Woods v. Caremark PHC, L.L.C.*, 2015 U.S. Dist. LEXIS 148051 (W.D. Mo. 2015) ("The specific 'extraneous information' Plaintiff alleges Defendant included in its Authorization Form for Consumer Reports is: 1) an overbroad authorization for third parties to provide information to Defendant and its consumer reporting agency, 2) state-specific notices that did not apply to Plaintiff, and 3) that the form was part of a five-page stapled packet of three documents. Where FCRA allegations involve the inclusion of extraneous information beyond an authorization, the complaint meets the 12(b)(6) standard to state a claim for willful violation of the FCRA stand-alone requirement."); *see also* Letter from William Haynes, Attorney,

Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA).

42. Defendants acted willfully by providing a facially invalid Release and Authorization Forms that were in direct violation of the clear and unambiguous requirements set forth in 15 U.S.C. § 1681b(b)(2)(A).

43. Defendants knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including Plaintiff and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

44. On information and belief, as well as Plaintiff's investigation, Defendants' conduct was willful because:

  a. Defendants required Plaintiff and the Class to execute the Release and Authorization Forms knowing that it was facially invalid in violation of the FCRA and Defendants' statutory duties;
  b. Defendants acted with reckless disregard of the FCRA requirements and Defendants' statutory duties when it required Plaintiff and the Class to execute the Release and Authorization Forms that were facially invalid and in violation of the clear and unambiguous requirements of the FCRA;
  c. Upon information and belief, Defendants were advised by skilled lawyers and other professional employees, and advisors knowledgeable about the FCRA requirements;
  d. The plain language of the statute unambiguously indicates that inclusion of a liability release in a disclosure form violates the disclosure and authorization requirements;
  e. The FTC's express statements, pre-dating Defendants'

conduct, state that it is a violation of 15 U.S.C. § 1681b(b)(2)(A) to include a liability waiver in the FCRA disclosure form; and

    f.  Defendants ORION RISK MANAGEMENT INSURANCE SERVICES, INC. and UNIVERSAL BACKGROUND SCREENING, INC. informed Defendant HCI of its obligations under the FCRA and required Defendant HCI to certify its compliance with the FCRA as required by law.

45. Pursuant to 15 U.S.C. §1681n(a)(1)(A), Plaintiff and the Class are entitled to statutory damages due to Defendant's willful failure to comply with the requirements imposed by 15 U.S.C. § 1681b(b)(2)(A) of an amount not less than $100 and not more than $1,000.

46. In the alternative, Plaintiffs allege that Defendants' conduct in violation of the FCRA and Defendants' statutory duties was negligent, and therefore Plaintiff and the Class seek actual damages, if any, pursuant to 15 U.S.C. § 1681o(a) in an amount to be proven at trial.

47. Upon information and belief, Plaintiff and the Class suffered and, as such, seek actual damages from Defendants' negligent conduct in an amount to be proven at trial.

48. Plaintiff and the Class seek the recovery of punitive damages for Defendants' willful violations, in an amount as the Court may allow.

49. Pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2), Plaintiff and the Class seek the recovery costs of suit with reasonable attorneys' fees, as determined by the Court.

## SECOND CAUSE OF ACTION
### Individual and Class Claim for
### Violation of the California Investigative Consumer Reporting Agencies Act (ICRAA) (Civ. Code, § 1786, *et seq.*)

**(Obtaining Consumer Reports Without Facially Valid Authorizations)**

(Against Defendants HCI and ORION)

50.  Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

51.  Pursuant to California Civ. Code, § 1786, et seq., a consumer reporting agency may furnish a consumer investigative report for employment purposes.

52.  The ICRAA requires that, before procuring a consumer report on an individual for employment purposes, the employer must comply with all of the following:

> (A)  The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.
> (B)  The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
> 　(i)  An investigative consumer report may be obtained.
> 　(ii) The permissible purpose of the report is identified.
> 　(iii)The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> 　(iv)Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
> 　(v)  Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
> 　(vi)Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.
> (C)  The consumer has authorized in writing the procurement of the report.

(§ 1786.16, subd. (a)(2).)

53. In addition, the person procuring or causing the report to be made must "certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by [section 1786.16, subdivision (a)] and that the person will comply with subdivision (b)." (§ 1786.16, subd. (a)(4).)

54. Subdivision (b) of section 1786.16 also requires the person procuring or causing the report to be made to (1) provide the consumer a form with a box that can be checked if the consumer wishes to receive a copy of the report, and send a copy of the report to the consumer within three business days if the box is checked and (2) comply with section 1786.40 if the person procuring or causing the report to be made contemplates taking adverse action against the consumer. (§ 1786.16, subd. (b).)

55. During the Class Period, Defendant HCI required Plaintiff MARTZ, and presumably others, to sign two different forms as part of their job application with Defendant HCI, which forms purported to allow Defendant HCI to procure and Defendant ORION to prepare and provide to Defendant HCI a consumer report regarding the Plaintiffs. See **Exhibit 1**.

56. Included in one of Defendant HCI's Release and Authorization Forms, i.e., **Exhibit 1** was: 1) a purported authorization to procure a consumer report and investigative a consumer report; 2) a waiver of liability provision; 3) an authorization of Defendant to investigate "past employment and public records (including but not limited to workers compensation adjudication records); and 4) other extraneous language, such as, "I understand that any false answers, statements, implications, or derogatory information made by me or which is revealed as a result of this background investigation based on information supplied in any application for employment or other documents, may be considered sufficient for discharge." See **Exhibit 1.**

57. On behest of Defendant HCI, Defendant Orion prepared a report concerning the Plaintiff's workers' compensation adjudication history.

58. Plaintiff maintains ORION's report included information on the

Plaintiff's "character, general reputation, personal characteristics, or mode of living," and thus was an investigative consumer report within the meaning of § 1786.2 subdivision (c).

59. Plaintiff alleges the foregoing investigative consumer report was used for employment purposes, as defined in § 1786.2, subdivision (f).

60. Based on these allegations, Defendant ORION, as an investigative consumer reporting agency, and Defendant HCI, as a person who procured or caused the investigative consumer reports to be made, were required to comply with the applicable provisions of the ICRAA, namely § 1786.16.

61. Plaintiff maintains, however, that Defendants' inclusion of the aforementioned in its Release and Authorization Form violates California law because it was not a "clear and conspicuous disclosure in writing to the consumer."

62. Plaintiff alleges the release contained two illegal provisions that made it an unclear and inconspicuous disclosure, such as a waiver and hold harmless clause, and language, "I understand that any false answers, statements, implications, or derogatory information made by me or which is revealed as a result of this background investigation based on information supplied in any application for employment or other documents, may be considered sufficient for discharge." (§ 1786.16(a)(2)(B).)

63. In addition to the foregoing violation, Plaintiff alleges the form fails to comply with § 1786.16 based on the following:

    a. The form fails to comply with § 1786.16(a)(2)(B)(ii) because it does not specify why the report is being obtained;

    b. The form fails to comply with § 1786.16(a)(2)(B)(iii) because it does not specify "[t]he disclosure may include "information on the consumer's character, general reputation, personal characteristics, and mode of living";

    c. The form fails to comply with § 1786.16(a)(2)(B)(iv)

          because it does not identify "the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation";

    d. The form fails to comply with § 1786.16(a)(2)(B)(v) because it does not provide "a summary of the provisions of Section 1786.22";

    e. The form fails to comply with § 1786.16(a)(2)(B)(vi) because it does not notify Plaintiff "of the Internet Web site address of the investigative consumer reporting agency"; and

    f. The form fails to comply with § 1786.16(b) because the form does not have a "means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared." See **Exhibit 1.**

64. Further, Defendant ORION has violated and continues to violate California Civil Code § 1786.20(d)(1)(A), by not, conspicuously posting, as defined in California Business and Professions Code § 22577(b), on its primary Internet Web site information describing its privacy practices with respect to its preparation and processing of investigative consumer reports.

65. California Civil Code § 1786.16(a)(1) of the ICRAA requires that consumers be provided a disclosure document which includes a summary of the provisions of California Civil Code § 1786.22. The summary must state that: (1) the consumer can view, during normal business hours, the file maintained on the applicant by the consumer reporting agency; (2) the consumer can obtain a copy of the report by submitting proper paperwork and paying the costs of duplication services via mail or appearing at the reporting agency's location in person; (3) if the consumer appears in person, the consumer may be accompanied by another individual

- 15 -
COMPLAINT

1  who furnishes proper identification; and (4) the consumer may receive a summary of
2  the report over the telephone by representatives of the reporting agency. Plaintiff
3  alleges Defendants failed to provide Plaintiff any summary of the foregoing rights.

4  66.  Based on the misconduct alleged in this Complaint, Defendants HCI and ORION violated ICRAA.

6  67.  Defendants acted willfully by providing a facially invalid Release and Authorization Forms that were in direct violation of the clear and unambiguous requirements set forth in § 1786.16.

9  68.  Defendants knew or acted with reckless disregard of its statutory duties and the rights of applicants and employees, including Plaintiff and the Class, thus knowingly and/or recklessly disregarding its statutory duties.

12  69.  On information and belief, as well as Plaintiff's investigation, Defendants' conduct was willful.

14  70.  With respect to each of the aforementioned violations of the ICRAA provisions and pursuant to Civ. Code § 1786.50(a)(1), Plaintiff, not the Class, is entitled to statutory damages due to Defendants' failure to comply with the requirements imposed by § 1786.16 of an amount not less than $10,000.

18  71.  Based on Defendants' conduct in violation of the ICRAA, Plaintiff and the Class seek to recover actual damages, if any, in an amount to be proven at trial.

20  72.  Plaintiff and the Class seek to recover punitive damages for Defendants' willful violations, in an amount as the Court may allow.

22  73.  Plaintiff and the Class seek the recovery costs of suit with reasonable attorneys' fees, as determined by the Court.

**THIRD CAUSE OF ACTION**

**Individual and Class Claim for**

**Violations of the California Consumer**

**Credit Reporting Agencies Act**

**(California Civil Code § 1785.1 *et seq.*)**

- 16 -
COMPLAINT

(Against Defendant HCI)

74. Plaintiffs allege and incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

75. Defendant HCI used a "consumer credit report" as defined in California Civil Code § 1785.3 to make a determination of employment for Plaintiff and other members of the Class.

76. Defendant violated California Civil Code § 1785.20.5 of CCRAA, by failing to provide written notice to Plaintiff and the other members of the California Disclosure Class prior to requesting such consumer reports that complied with California Civil Code § 1785.20.5 by failing to inform them of the specific basis under Labor Code § 1024.5(a) for the use of the reports.

77. Defendant HCI willfully violated California Civil Code § 1785.20.5 by acting in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other members of the Class.

78. Plaintiff seeks statutory damages for herself and all others similarly situated for these violations pursuant to California Civil Code § 1785.31(a)(2)(A).

79. Plaintiff and other members of the California Disclosure Class seek to recover any actual damages sustained by Plaintiff and the other members of the Class members as a result of each such failure; Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the Court deems proper; and costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the Class, prays for an order for relief as follows:

1. That Defendants be found liable to Plaintiff and the Class;

2. For a declaration that Defendants violated the rights of Plaintiff and the Class under the FCRA, CCRAA, and ICRAA, and any other applicable law;

3. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to

Plaintiff and the Class in an amount equal to $1,000 for Plaintiff and each member of the Class for Defendant's willful violations of the FCRA;

    4.  Pursuant to Civ. Code § 1786.50, an award of statutory damages to Plaintiff in the amount of $10,000;

    5.  In the alternative to statutory damages, and pursuant to 15 U.S.C. §16810(a)(1) and Civ. Code § 1786.50, an award of actual damages to Plaintiff and each member of the Class, in an amount according to proof, for Defendants' negligent violations of the FCRA;

    6.  Pursuant to 15 U.S.C. §1681n(a)(2) and Civ. Code § 1786.50, an award of punitive damages to Plaintiff and the members of the Class in an amount to be determined by the Court;

    7.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure;

    8.  Damages and remedies under § 1785.31;

    9.  For costs of suit and expenses incurred herein, including reasonable attorneys' fees and costs allowed under relevant provision of law including, but not limited to, those allowed under 15 U.S.C. §1681n(a)(3), 15 U.S.C. §1681o(a)(2), Civ. Code § 1786.50, and/or other applicable provisions of law; and

    10.  For any other relief the Court may deem just, proper and equitable in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury to the extent authorized by law.

LAW OFFICES OF THOMAS D. RUTLEDGE

Dated: December 7, 2017

By: /s/ Thomas D. Rutledge
/s/Thomas D. Rutledge, Esq.
Attorneys for Plaintiffs